UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXIGIS LLC, | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| CITY OF DALLAS, A.C. GONZALEZ, | § | |
| in his official and individual capacities; MIKE | § | |
| FROSCH, in his official and individual | § | |
| capacities, JUDITH LEVIN-SIMMONS, | § | |
| in her official and individual capacities; | § | |
| JEANNE CHIPPERFIELD, in her official and | § | |
| individual capacities;  ZERONDA D. SMITH, | § | |
| in her official and individual capacities; | § | |
| S200 CORP. d/b/a/  CERTFOCUS | § | |
| Defendants. | § | |

**DEFENDANTS A.C. GONZALEZ,  MIKE FROSCH, JUDITH LEVIN-SIMMONS,
JEANNE CHIPPERFIELD, ZERONDA D. SMITH AND THE
CITY OF DALLAS' NOTICE OF REMOVAL, AND BRIEF**

TO THE HONORABLE COURT:

A.C. Gonzalez, Mike Frosch, Judith Levin-Simmons, Jeanne Chipperfield, Zeronda D.

Smith and the City of Dallas (collectively, the "City Defendants"), pursuant to 28 U.S.C. § 1441,

hereby remove Plaintiff's state court action to the United States District Court for the Northern

District of Texas-Dallas Division, and in support hereof show the following:

## I.    STATEMENT OF FACTS

1.1    This Notice of Removal is filed within 30 days of service of the petition that first

asserts a federal question claim, and no defendant opposes removal of this civil action.

1.2    Plaintiff, Exigis LLC ("Exigis"), filed its First Amended Petition (the "Amended

Petition") in which it first alleged its federal claim on April 27, 2015, in the 162nd Judicial

District Court of Dallas County, Texas, Cause No. DC-14-11916.   (*See* Index of State Court

Documents ("Index") at Tab 14).  City Defendants filed their answers to the Amended Petition

on May 1, 2015.  (*Id*. at Tab 16).

1.3    The Amended Petition pleads claims arising under 42 U.S.C. § 1983 by alleging deprivations under color of state law of Plaintiff's rights secured by the United States Constitution.  (*See* Amended Petition (Index at Tab 14)).  Plaintiff seeks money damages, exemplary and punitive damages, declaratory relief and attorney's fees, and costs.  (*Id.*)

## II.    ARGUMENT AND AUTHORITIES

2.1    Title 28, Section 1441 of the United States Code governs the removal of civil actions from state court to federal court.  Section 1441(a) provides, in pertinent part, that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Title 28, Section 1331 of the United States Code describes the federal question jurisdiction of the federal district courts:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2.2    More specifically, 28 U.S.C. § 1343(a) describes the federal court's jurisdiction regarding civil rights allegations:

> (a)   The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
>                         *    *    *
>
>         (3)  To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
>         (4)  To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Title 42, Section 1983 of the United States Code provides a cause of action for the deprivation of civil rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …

2.3      The present case is properly removed to this United States District Court because Plaintiff's claims fall within this district court's original jurisdiction.  Plaintiff alleges claims arising under a federal statute, 42 U.S.C. § 1983, and Plaintiff seeks redress for alleged deprivations of federally protected constitutional rights.  Plaintiff's allegations therefore present a "federal question" as contemplated by 28 U.S.C. §§ 1331 and 1343.  Section 1983 cases filed in state courts may be removed by defendants to a federal district court under 28 U.S.C. § 1441, the general federal question removal statute, because they are cases which could have originally been filed in federal district court.  *See Merrell Dow Pharms, Inc. v. Thompson*, 478 U.S. 804 (1986); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U. S. 1 (1983); and *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918).  Therefore, the City Defendants are entitled by statute to remove this case to this district court.

2.4      The presence of state-law claims does not preclude removal.  Plaintiff's federal section 1983 claims against City Defendants have been brought together with Plaintiff's state law claims.  Section 1441(c) provides:

> (1) If a civil action includes—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the

claim described in subparagraph (B).

2.5     The Amended Petition includes allegations of state law claims of negligence, gross negligence, tortious interference, declaratory and injunctive relief.  (*See* Amended Petition (Tab 14))  A federal district court has supplemental jurisdiction to hear state law claims that are joined with federal claims removable under 28 U.S.C. § 1441.  *See* 28 U.S.C. § 1367(a). Because Plaintiff's state law claims derive from a "common nucleus of operative facts and form the same case or controversy," supplemental jurisdiction exists.  *Id.   See also, United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Pueblo Int'l, Inc. v. De Cardona*, 725 F.2d 823 (1st Cir. 1984); and *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1 (1st Cir. 1983).

WHEREFORE, PREMISES CONSIDERED, City Defendants request that this proceeding be removed from the 162nd District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

WARREN M. S. ERNST
Dallas City Attorney

/s/ *Christopher J. Caso*

Christopher J. Caso
Assistant City Attorney
Texas Bar No. 03969230
chris.caso@dallascityhall.com

Charles Estee
Assistant City Attorney
Texas Bar No. 06673600
charles.estee@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas  75201
Telephone:     214-670-3519
Telecopier:    214-670-0622

*Attorneys for City Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2015, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court.  The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including the following *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means and/or as otherwise identified below:

Samuel E. Joyner                    Via U.S. Mail
Ross Joyner PLLC
1700 Pacific Avenue, Suite 3750
Dallas, Texas  75201

Joseph Tripodi                      Via U.S. Mail
Of Counsel
Kranjac Tripodi & Partners LLP
30 Wall Street, 12th Floor
New York, New York, 10005
*Attorneys for Plaintiff*

Christopher K. Stobaugh             Via U.S. Mail
Snell Wylie & Tibbals
8150 North Central Expressway, Suite 1800
Dallas, Texas 75206
*Attorneys for S2000 Corp., d/b/a Certfocus*

                                   *s/ Christopher J. Caso*
                                   Senior Assistant City Attorney